IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| Ruth Bornsen and Nathan Bornsen, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil No. 2:10-cv-65 |
| vs. ) | |
| ) | |
| Pragotrade, LLC, Pragotrade, Inc., and ) | |
| Cabela's Retail, Inc., ) | |
| ) | |
| Defendants. ) | |

## ORDER FOR CERTIFICATION

**I.     Question of Law Certified to the North Dakota Supreme Court.**

Pursuant to N.D.R.App.P. 47, the United States District Court, District of North Dakota, hereby certifies the following question of law to the North Dakota Supreme Court:

> Whether the North Dakota Supreme Court intends to adopt the "apparent manufacturer" doctrine set forth in the Restatement (Second) of Torts § 400 or more recently, the Restatement (Third) of Torts: Product Liability § 14?

**II.    Statement of Facts Relevant to Question Certified.**

On November 21, 2007, Ruth Bornsen's left hand was injured when it became lodged in a meat grinder her husband purchased from Cabela's Retail, Inc. (Doc. #1-1, "Complaint," ¶ 1). Plaintiffs Ruth and Nathan Bornsen have sued Pragotrade, LLC, Pragotrade, Inc., and Cabela's, alleging claims of negligence, strict liability, and breach of warranty.  The Bornsens allege a design defect due to large dimensions of the grinder opening and failure to properly warn (Id. at ¶ 2).  Cabela's has asserted that Pragotrade manufactured the grinder, and seeks dismissal under N.D. Cent. Code § 28-01.3-04.  The Bornsens contend that Cabela's is not entitled to dismissal because it is an "apparent manufacturer" of the product.

**III.     Statement of Lack of Controlling Precedent in North Dakota.**

The Court believes that this question involves interpretation of North Dakota law of some magnitude.  Adopting the Restatement (Second) of Torts § 400 or the Restatement (Third) of Torts: Product Liability § 14 appears to contradict the plain language of the definition of manufacturer as set forth in N. D. Cent. Code § 28-01.3-01 and likewise appears to be inconsistent with the legislature's intent in enacting N. D. Cent. Code § 28-01.3-04.  The United States District Court, District of North Dakota, finds there exists no controlling precedent from the North Dakota Supreme Court on the certified question of law.  Resolution will be determinative to the proceedings currently pending in the United States District Court and will impact future product liability cases.

**IV.     This Court's Opinion.**

There is a decision from the District Court for the District of North Dakota that predicts the North Dakota Supreme Court would adopt the so-called apparent manufacturer doctrine. Reiss v. Komatsu America Corp., 735 F.Supp.2d 1125 (D.N.D. 2010).  This Court is unconvinced and is of the opinion that adoption of the apparent manufacturer doctrine is inconsistent with the law in North Dakota regarding liability for non-manufacturing sellers.  The Court believes this question presents two reasonable interpretations of North Dakota law and it ought to be resolved by the North Dakota Supreme Court.

Dated this 31st day of March, 2011.

                                                   /s/  Ralph R. Erickson
                                                   Ralph R. Erickson, Chief Judge
                                                   United States District Court